**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | **Cause No. 1:11-cr-184-WTL-MJD** |
| | ) | |
| **JOSEPH JAY JOHNSON,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**SUPPLEMENTAL ENTRY ON DEFENDANT'S OBJECTIONS**
**TO PRESENTENCE INVESTIGATION REPORT**

On September 12, 2013, a Sentencing Hearing was held in this matter. (Dkt. No. 145).

Prior to the hearing, the Defendant alleged several objections to the Presentence Investigation

Report ("PSR") prepared by the United States Probation Office ("USPO"). (Dkt. No. 122). The

Court issued its Entry on Defendant's Objections to Presentence Investigation Report just prior

to the hearing. (Dkt. No. 144). The following information and objections were also discussed at

the hearing.

**DEFENDANT'S OBJECTION NO. 1 – ACCA STATUS**

With regard to Johnson's status under ACCA, and specifically, whether Johnson's 2007

Class D felony conviction for domestic battery in the presence of a child less than sixteen years

of age is an ACCA predicate offense,[1] the Government introduced the testimony of Jennifer

Riester, an Outreach Services Manager/IMPD Advocate for The Julian Center. Ms. Riester

testified that, in her position with The Julian Center, she is familiar with domestic violence

incidents and victims. She also testified regarding her experiences, domestic violence statistics,

---

[1] The Court overruled Johnson's objection and concluded that his 2007 felony conviction
for domestic battery is an ACCA predicate offense.

and whether domestic violence incidents result in physical injury. The Court has considered Ms. Riester's testimony. This supplemental evidence, however, does not alter the Court's previous Entry.[2]

## DEFENDANT'S OBJECTION NO. 2 – JUDICIAL FACT-FINDING UNDER ACCA

During the hearing, counsel for Johnson reiterated his objection to Johnson's status under ACCA based on the Fifth and Sixth Amendments of the Constitution.[3] As noted in the Court's previous Entry, the Court overruled these objections noting that "[u]nder the current status of the law . . . prior convictions need not be presented to a jury even if they are used to enhance a defendant's sentence." Dkt. No. 144 at 10 (citing *Almendarez-Torres v. United States*, 523 U.S. 224, 241-46 (1998)); *see also United States v. Nigg*, 667 F.3d 929, 935-36 (7th Cir. 2012) (rejecting defendant's arguments that ACCA violates Fifth and Sixth Amendments), *United States v. Pollard*, 282 Fed. Appx. 463, 465 (7th Cir. 2008) ("Although we have questioned the validity of the *Almendarez-Torres* rule after *Apprendi* and *Booker*, . . . that issue can only be answered by the Supreme Court. . . . We have repeatedly rejected this argument [i.e., that the district court's factfinding regarding criminal history violates the Fifth Amendment's "beyond a reasonable doubt" standard and the Sixth Amendment right to a jury trial], and until the Supreme Court overrules *Almendarez-Torres,* it can fare no better here.").

---

[2] The Court has already concluded that "the risk of physical injury under the statute is guaranteed." Dkt. No. 144 at 8. Thus, "there is no question that domestic battery under Indiana's statute involves conduct that presents a serious potential risk of physical injury to another." *Id.* As such, Johnson's Class D domestic battery conviction is a crime of violence under the residual clause.

[3] Counsel also briefly discussed his objection to Johnson's status under ACCA on equal protection grounds. As discussed in the Court's previous Entry, however, this Court rejected Johnson's argument and concluded that "ACCA . . . does not violate the Equal Protection Clause of the Constitution." Dkt. No. 144 at 9 (quoting *United States v. Presley*, 52 F.3d 64, 68 (4th Cir. 19995)).

## DEFENDANT'S OBJECTION NO. 3 – CONFIDENTIALITY OF
## USPO'S SENTENCE RECOMMENDATION

The Court noted in its previous Entry that, in light of *United States v. Peterson*, 711 F.3d 770 (7th Cir. 2013), it would "make an appropriate finding at Johnson's Sentencing Hearing" regarding the facts included in the confidential sentence recommendation provided to the Court by the USPO. The Court made such a finding during the hearing. To be clear, however, the Court reiterates that no facts were included in the confidential sentencing recommendation or relied on by the Court that were not otherwise disclosed to the parties in the PSR.

SO ORDERED: 09/20/2013

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Copies to all counsel of record via electronic communication.